NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GREGORY E., | : | |
| Petitioner, | : : : | Civil Action No. 19-19287 (CCC) |
| v. | : : | **MEMORANDUM OPINION** |
| WARDEN OF THE ESSEX COUNTY CORR. FACILITY, | : : : | |
| Respondent. | : : | |

**CECCHI, District Judge:**

This matter comes before the Court on Petitioner Gregory E.'s petition for a writ of habeas corpus (ECF No. 1, 4, 5), as well as Petitioner's motions seeking final judgment (ECF No. 10), to vacate an extension of time which this Court granted to the Government (ECF No. 13), and for a final decision (ECF No. 17). Following an order to answer, the Government filed a response to the petition. ECF No. 12. Petitioner thereafter submitted a letter in reply. ECF No. 16. For the following reasons, Petitioner's habeas petition (ECF Nos. 1, 4-5) is DISMISSED WITHOUT PREJUDICE and Petitioner's remaining motions (ECF Nos. 10, 13, 17) are DENIED as moot.

By way of background, Petitioner is a native and citizen of Nigeria who first arrived in the United States in June 2010 as a non-immigrant. Document 2 attached to ECF No. 12 at 2. Petitioner thereafter sought to adjust his status to that of a permanent resident by way of two petitions; the first, an I-360 petition, was denied in May 2016, and the second, an I-130 petition, was denied in May 2017 after his alleged wife requested that the petition be withdrawn "due to marriage fraud." *Id.* at 3. On July 8, 2016, petitioner sought to re-enter the Untied States after a

trip abroad, was classified as an arriving alien, and was paroled into the United States for one year to seek adjustment of status.  *Id.*  He thereafter filed another I-360 petition in May 2017, seeking to adjust his status, but that petition was denied on October 31, 2018.  *Id.*  On May 28, 2019, Petitioner's parole was revoked and Petitioner was taken back into immigration custody and placed in removal proceedings.  Document 1 attached to ECF No. 12 at 1-3.  Petitioner remained detained until, on March 24, 2020, he was released on parole subject to GPS monitoring.  ECF No. 16 at 2.  Petitioner is therefore no longer detained.

In his underlying removal proceedings, Petitioner was determined to be an arriving alien not entitled to admission into the United States and was ordered removed on September 9, 2019.  Document 4 attached to ECF No. 12.  Petitioner filed an appeal on September 27, 2019, and it appears that appeal remains pending before the Board of Immigration Appeals ("BIA") at this time.  Document 6 attached to ECF No. 12.  Petitioner also sought release on bond in June 2019, which was denied as Petitioner was an arriving alien detained pursuant to 8 U.S.C. § 1225(b) and was not entitled to bond under that statute.  *Id.*  Petitioner appealed, and the BIA dismissed that appeal in December 2019 as the "Immigration Judge correctly found that she was without authority to consider [Petitioner]'s request for [bond] since he is designated . . . as an arriving alien" subject to detention without bond under 8 U.S.C. § 1225(b) and its implementing regulations.  Document 5 attached to ECF No. 12.

In his habeas petition and various supporting documents, Petitioner raised two types of claims.  First, he sought his release from detention as he believed that his detention without release on bond or parole had become overlong and constitutionally infirm.  Second, he challenged various determinations made by the immigration judge in his underlying removal proceedings and sought to have this Court overturn his order of removal.  Turning to the first class of claims, as Petitioner

2

has now, by his own admission, been released from detention on parole, any challenge to his previous period of immigration detention is now moot and must be dismissed as such. *See, e.g., Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Sanchez v. Att'y Gen.*, 146 F. App'x 547, 549 (3d Cir. 2005).

Turning to Petitioner's second class of claims, in which he asserts that the immigration judge made various erroneous factual determinations in his underlying removal proceedings, it is clear that this Court lacks jurisdiction to consider those claims. In adopting the REAL ID Act, Congress greatly restricted the jurisdiction of district courts to grant relief to petitioners challenging their orders of removal or actions related to such orders through habeas petitions. *See* 8 U.S.C. § 1252(a)(5). Pursuant to the Act,

> Notwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651, the statutes which provide the basis for mandamus jurisdiction], a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to [28 U.S.C. § 2241], or any other habeas corpus provision, [28 U.S.C. §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The Act likewise provides that

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under [8 U.S.C. § 2241] or any other habeas corpus provision, by [28 U.S.C. §§ 1361 or 1651], or

3

> by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). As the Third Circuit has explained, Congress's goal in passing the REAL ID Act "was to streamline . . . uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)," which Congress sought to achieve "[b]y placing all review in the courts of appeals [thus providing] an adequate and effective alternative to habeas corpus." *Verde-Rodriguez v. Att'y Gen.*, 734 F.3d 198, 206–07 (3d Cir. 2013) (citations and internal quotation marks omitted).

Even assuming that these provisions do not entirely deprive this Court of all jurisdiction to consider Petitioner's challenges to the immigration judge's removal order and underlying factual determinations until the BIA dismisses Petitioner's appeal and renders his order of removal administratively final, *see, e.g.*, *Chehazeh v. Att'y Gen.*, 666 F.3d 118, 133 (3d Cir. 2012); *Kumarasamy v. Att'y Gen.*, 453 F.3d 169, 172 (3d Cir. 2006), Petitioner's entitlement to relief on these challenges is further constrained by the requirement that a habeas petitioner exhaust all of his administrative remedies prior to bringing a habeas petition. *See Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003); *Yi v. Maugans*, 24 F.3d 500, 503–04 (3d Cir. 1994). "[E]ven when an alien is attempting to prevent . . . [removal] proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] . . ., it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies" including both removal proceedings and an appeal to the BIA. *Duvall*, 336 F.3d at 233 (citation and internal quotation marks omitted). Because this exhaustion requirement is jurisdictional, the failure of a habeas petitioner to present his claims first to the immigration courts and then to the BIA is "fatal to the District Court's jurisdiction over [his] habeas petition." *Id.* Taken together, the exhaustion requirement and the REAL ID Act prevent this Court from addressing any

challenges related to a removal order where such challenges have not been ruled upon by both the immigration judge and the BIA (i.e., no final removal order has been entered), and even then, such challenges to a final order must instead be raised in a petition for review before the Court of Appeals.  The REAL ID Act and exhaustion requirement thus foster judicial and administrative economy by requiring aliens seeking to challenge non-custody removal decisions to first pursue those challenges before all levels of the administrative body and then through a single consolidated petition for review before the Court of Appeals. *Id.*; *see also Verde-Rodriguez*, 734 F.3d at 206–07.

   Here, Petitioner's appeal apparently remains pending before the BIA, and he has therefore yet to fully exhaust his various challenges to his order of removal and the factual determinations of the immigration judge underlying that order.  This Court is therefore without jurisdiction to consider Petitioner's claims raising those challenges. *See Duvall*, 336 F.3d at 233.  Once the BIA does rule upon those challenges, this Court would still lack jurisdiction over those challenges – not for lack of exhaustion, but instead under the REAL ID Act.  Thus, to the extent Petitioner wishes to raise his challenges to the immigration judge's order of removal order and/or underlying factual determinations he must do so through his appeal to the BIA and thereafter through a petition for review before the Third Circuit.  He may not use a habeas petition in this Court to circumvent those requirements.  Petitioner's remaining challenges must therefore be dismissed without prejudice.  If Petitioner wishes to raise such claims in federal court, he is free to do so through a petition for review before the Court of Appeals once the BIA decides his appeal of his removal order.  As this Court is dismissing Petitioner's petition (ECF Nos. 1, 4, 5) without prejudice, Petitioner's pending motions for a final judgment, challenging an extension granted to the Government, and for a final decision, shall be denied as moot.

In conclusion, Petitioner's habeas petition (ECF Nos. 1, 4, 5) is DISMISSED WITHOUT PREJUDICE, and Petitioner's pending motions (ECF Nos. 10, 13, 17) are DENIED as moot. An appropriate order follows.

DATED:  June 12, 2020

_____
Claire C. Cecchi, U.S.D.J.
